# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff and Counterclaim Defendant,* | )<br>)<br>)<br>) |
| v. | ) Civ. No. 14-cv-1899 (KBJ) |
| METCOR LTD., | )<br>)<br>) |
| *Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,* | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| DENCHO MARINE, INC., | )<br>) |
| *Third-Party Defendant.* | )<br>) |

## MEMORANDUM OPINION REGARDING
## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Markel American Insurance Company ("Markel") filed the instant action against Metcor, Ltd. ("Metcor") seeking declaratory relief with respect to an insurance policy that Markel issued to Metcor covering an 80-foot sailboat. (Compl., ECF No. 1.) Specifically, Markel's complaint requested a declaration "that it is not required to provide insurance coverage for damage to the canting keel assembly of Metcor's 2005 80-foot Dencho Andrews sloop *DONNYBROOK*[,]" because either a manufacturer's defect or a whale collision caused the damages, neither of which is covered under the policy. (*Id.* at 1.)[1] On December 10, 2014, Metcor filed its answer, as well as a breach

---
[1] Page number herein refer to those that the Court's electronic case-filing system automatically assigns.

of contract counterclaim based on Markel's refusal to provide coverage for the damaged *DONNYBROOK*. (*See* Ans. & Countercl. of Metcor, ECF No. 10.) Two days later, on December 12, 2014, Metcor filed a third-party complaint against Dencho Marine, Inc. ("Dencho"), alleging that Dencho negligently manufactured the *DONNYBROOK*. (*See* Metcor's Third-Party Compl. Against Third-Party Def. Dencho, ECF No. 12.) Markel and Metcor have since settled the disputes between them; therefore, all that remains of this matter is Metcor's third-party complaint against Dencho. (*See* Stip. of Dismissal with Prejudice of All Claims Between Markel & Metcor, ECF No. 25.)

Metcor served its third-party complaint on Dencho on December 22, 2014 (*see* Proof of Service, ECF No. 16), and on March 26, 2015, after Dencho failed to respond to the third-party complaint, the Clerk of the Court entered a default against Dencho (*see* Clerk's Entry of Default, ECF No. 19). Metcor filed a motion for default judgment on December 23, 2015 (*see* Metcor's Mot. for Entry of Default J. against Third-Party Def. Dencho, ECF No. 26), which was automatically stayed after Dencho filed for Chapter 7 bankruptcy (*see* Notice of Bankr. Ct.'s Granting of Metcor's Mot. for Relief from Automatic Stay, ECF No. 27, at 1). The presiding Bankruptcy Judge subsequently granted relief from the automatic stay and "authorized [Dencho] to participate in the litigation proceedings of the default judgment requested by [Metcor]." (Third-Party Def.'s Notification to the Court, ECF No. 28, at 1; *see also id.* at 3 ("The Court granted Metcor's motion for relief from the automatic stay which will enable the parties to litigate the merits of the third party lawsuit in district court.").) On August 30, 2018, this Court referred Metcor's motion for a default judgment against Dencho to a Magistrate Judge, and the matter was randomly assigned to Magistrate Judge G. Michael Harvey. (*See* Minute Order of Aug. 30, 2018; Minute Entry of Aug. 30, 2018.)

2

On November 8, 2018, Magistrate Judge Harvey ordered Metcor to show cause why its motion for a default judgment should not be denied for lack of personal jurisdiction. (*See* Order to Show Cause, ECF No. 34, at 2–3.) Noting that "[i]n default judgment proceedings, the plaintiff bears the burden of making a *prima facie* showing of the Court's personal jurisdiction over the defendant" (*id.* at 2 (citation omitted)), Magistrate Judge Harvey found that Metcor had not satisfied that burden because "Dencho is a California corporation with its principal place of business in Long Beach, CA[, and] Metcor has not alleged any facts to suggest that Dencho is subject to the Court's personal jurisdiction under D.C.'s long-arm statute, or that Dencho has sufficient minimum contacts with the District of Columbia so as to satisfy due process." (*Id.* at 3.) Metcor did not respond to Magistrate Judge Harvey's show cause order by the established deadline (November 21, 2018).

Before this Court at present is the Report and Recommendation that Magistrate Judge Harvey filed on December 10, 2018, in regard to Metcor's motion for default judgment. (*See* R. & R., ECF No. 35.)[2] The Report and Recommendation reflects Magistrate Judge Harvey's considered opinion that Metcor's motion for default judgment should be denied for lack of personal jurisdiction, given that "Metcor's submissions to the Court to date do not satisfy its burden of establishing this Court's personal jurisdiction over Dencho." (*Id.* at 1.) The R&R also informs the parties that either party may file written objections, and advises that the "failure to file timely objections to the findings and recommendations set forth in this report may waive [the party's] right of appeal from an order of the District Court that adopts such findings and

---

[2] The Report and Recommendation is attached hereto as Appendix A.

recommendations." (*Id.* at 2 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).) Under this Court's local rules, any party who objects to a report and recommendation of a Magistrate Judge must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the report, and any such written objection must specify the portions of the findings and recommendations to which each objection is made and the basis for each such objection. *See* LCvR 73.2(b). To date, no such objections have been filed.

Magistrate Judge Harvey has thoroughly considered the issues related to personal jurisdiction that are implicated in this action, and neither party has filed any objection. Therefore, this Court will **ADOPT** the attached Report and Recommendation's findings and conclusions and, as set forth in the accompanying Order, Metcor's motion for default judgment will be **DENIED**. In addition, Metcor's third-party complaint against Dencho will be **DISMISSED** without prejudice, and the Clerk will be instructed to close this matter.

DATE: January 31, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARKEL AMERICAN INSURANCE COMPANY**<br><br>*Plaintiff*<br><br>v.<br><br>**METCOR, LTD.,**<br><br>*Defendant/*<br>*Third-Party Plaintiff*<br><br>v.<br><br>**DENCHO MARINE, INC.**<br><br>*Third-Party Defendant.* | Case No. 14-cv-1899 (KBJ/GMH) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned for a Report and Recommendation on the motion of third-party Plaintiff, Metcor, Ltd. ("Metcor") for default judgment against third-party Defendant, Dencho Marine, Inc. ("Dencho"). On November 8, 2018, the undersigned ordered Metcor to show cause why its motion for default judgment should not be denied for lack of personal jurisdiction. ECF No. 34. As explained in that order, the undersigned finds that Metcor's submissions to the Court to date do not satisfy its burden of establishing the Court's personal jurisdiction over Dencho. ECF No. 34 at 3. Metcor was given until November 21, 2018 to file its response. To date, it has filed nothing. Accordingly, for the reasons stated in the November 8, 2018 show cause

order, the undersigned finds that Metcor has failed to establish this Court's jurisdiction over Dencho. The undersigned therefore **RECOMMENDS** that the Court **DENY** Metcor's Motion for Default Judgment.

\* \* \* \* \*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendations. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: December 10, 2018

Digitally signed by G. Michael Harvey
Date: 2018.12.10 16:44:45 -05'00'

G. MICHAEL HARVEY
United States Magistrate Judge